UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| MICHAEL GREENE, | ) | |
| Plaintiff, | ) ) ) | No. 6:20-CV-128-HRW-HAI |
| v. | ) ) ) | RECOMMENDED DISPOSITION |
| OFC. T. BUSTER, *et al*, | ) ) | |
| Defendant. | ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On November 29, 2021, *pro se* Plaintiff Michael Greene filed a motion to supplement the complaint pursuant to Federal Rule of Civil Procedure 15(d).  D.E. 78.  Greene seeks to add Lieutenant Weiss as a defendant along with claims that he threatened Greene in May 2019 for filing an unrelated complaint, that, in June 2019, Lt. Weiss admitted to conspiring with the other defendants to commit the alleged assault in this matter and threatened to destroy the video footage of the incident, that he actually caused the video footage to go missing, and, in doing so, conspired with the other defendants to violate Greene's "constitutional rights to have access to the courts."  *Id.* at 3-4.  Greene asserts that, because the video footage of the alleged assault went missing after the filing of his complaint, his motion is proper under Rule 15(d).  *Id.* at 1-2.  Defendants have responded in opposition, arguing that the claims related to events occurring prior to complaint's filing do not fall under the purview of Rule 15(d).  D.E. 85 at 2-3.  Defendants also argue that, to the extent Greene's motion is considered as requesting amendment under Rule 15(a), the request should still be denied due to undue delay, extreme prejudice to them, and lack of notice to Lt. Weiss.  *Id.* at 3-6.  Defendants also argue that the motion is futile

due to the statute of limitations and lack of evidence that Greene exhausted available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *Id.* at 6. In his reply, Greene admits that the conversations with Lt. Weiss occurred prior to the filing of the complaint but argues the motion is proper under Rule 15(d) because, until Defendants stated in their filing at Docket Entry 56 that the footage was unaccounted for, he had no way of knowing that Lt. Weiss "did actually steal, or, conspired to steal, the camera footage." D.E. 88 at 1. Greene also states that the supplementation relates back to the original filing of the complaint. *Id.* at 2. As to futility, Greene only argues that, as also stated in his complaint, he did not exhaust administrative remedies due to threats from Defendant Officer Buster. *Id.*

For the following reasons, the undersigned recommends denial of the motion.[1]

**I.**

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

> A court should deny a motion to amend a complaint "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). An amendment to a complaint is futile "when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005). And a court should grant a motion to dismiss if the party "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

*Kircher v. City of Ypsilanti*, 809 F. App'x 284, 297 (6th Cir. 2020).

---

[1] Courts differ as to whether a Magistrate Judge must address the denial of leave to amend a pleading as a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) or a non-dispositive matter subject to issuance of an order under 28 U.S.C. § 636(b)(1)(A). *Compare Evans v. Professional Transp. Inc.*, No. 1:12-CV-202, 2014 WL 1908808, at *1 n.1 (E.D. Tenn. May 13, 2014) *with Beckman Coulter, Inc. v. U.S. Worldwide Logistics, Inc.*, Civil Action No. 13-89-DLB-JGW, 2015 WL 12978824, at *1 n.1 (E.D. Ky. Feb. 20, 2015). Because the parties raise and undersigned addresses futility as a basis for denying leave to amend, this decision is issued as a Recommended Disposition pursuant to 28 U.S.C. 636(b)(1)(B) to preserve the parties right to *de novo* review by District Judge Wilhoit. Even though the undersigned finds no limitations bar, the Court believes a ruling on such a potentially dispositive issues warrants the procedural protections of 28 U.S.C. § 636(b)(1)(B).

Under Rule 15(d),

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

The standards that govern amendment also apply to supplementation under Rule 15(d). *Harris v. Davidson Cty. Sheriff*, No. 19-5041, 2019 WL 7573883, at *3 (6th Cir. Dec. 11, 2019) (quoting *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002)), *cert. denied sub nom. Harris v. Metro. Gov't of Nashville*, 140 S. Ct. 2782 (2020).

Greene specifically moves to supplement his complaint to add Lieutenant Weiss as a defendant in this matter pursuant to Federal Rule of Civil Procedure 15(d). D.E. 78. However, he seeks to add allegations involving Lt. Weiss that occurred both before and after the filing of the complaint. First, Greene seeks to add allegations of threats by Lt. Weiss that occurred in May 2019, prior to the filing of the complaint (D.E. 1) on June 12, 2020, per the prison mailbox rule.[2] D.E. 78 at 3. Second, Greene seeks to add claims that Lt. Weiss conspired with the Defendants to commit the assault due to his admissions and threats from June 19, 2019, including that he would make the video footage of the incident "disappear." *Id.* at 4. Greene also seeks to add allegations that, on June 24, 2019, he heard Lt. Weiss and Defendant Officer Buster conspire to "get rid" of the video footage of the assault, and thus, that Lt. Weiss caused the video footage to disappear. *Id.* at 5. It is unclear at what point the video footage went missing, but Defendants have previously indicated that its status was first realized by them in

---

[2] Under the prison mailbox rule, a court filing is considered to be received by the Court the moment an inmate deposits it in the institution's legal mail system. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

November 2020, after the complaint was filed. D.E. 56 at 4. Thus, Greene had notice of the missing footage no later than Defendants' filing at Docket Entry 56 on July 29, 2021.

The allegations that occurred prior to the filing of the complaint do not fall under the purview of Rule 15(d). Rather, Rule 15(a)(1)-(2) governs the amendment of complaints. Because Greene is outside the twenty-one-day window for amending as a matter of course, he may only amend his pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). The Defendants have responded in opposition to Greene's motion. D.E. 85. Thus, Greene can only amend his complaint with leave with Court's leave.

Undue delay, lack of notice to the opposing party, and undue prejudice are interrelated factors. Delay alone, without a showing of prejudice to the opponent, is not enough to deny an amendment. *Moore*, 790 F.2d at 560 (quoting *Mercantile Tr. Co. Nat'l Ass'n v. Inland Marine Prod.*, 542 F.2d 1010, 1012 (8th Cir. 1976) for the proposition that "courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party."); *Duggins v. Steak N' Shake, Inc.*, 195 F.3d 828,834 (6th Cir. 1999) ("To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'") (quoting *Moore*, 790 F.2d at 562). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman*, 486 F.2d at 484. Defendants challenging the amendment must demonstrate real prejudice. *Id*. (rejecting defendants' claim of prejudice without showing of delay that would result, aside from the time required to prepare an answer, or that evidence relevant to the new claims was no longer available).

Whether the discovery deadline has passed and whether a motion for summary judgment has been filed are two factors the Sixth Circuit has used to determine whether prejudice would

4

result from allowing the amendment. In *Janikowski*, the Sixth Circuit held that the district court abused its discretion in denying a motion for leave to file an amended complaint because "there is simply no showing of prejudice to [the defendant] sufficient to preclude plaintiff from introducing [the claims brought in the amended complaint]." *Janikowski*, 823 F.2d at 952. Although the plaintiff moved for leave to amend after the defendant had filed a motion for summary judgment, the court noted that the discovery deadline had not passed. *Id*. ("Although prejudice has been found in cases where the motion for leave to amend was filed after completion of discovery, no such fact pattern is present here.") (internal citations omitted). The Court in *Duggins* upheld the denial of a motion to amend the complaint when the discovery deadline had passed, the dispositive motions deadline had passed, and a motion for summary judgment had been filed on the basis that the plaintiff's undue delay caused undue prejudice to the defendant. *Duggins*, 195 F.3d at 834. "The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint. There appears to be no justification for the delay, and the plaintiff proposes none." *Id*. The court noted that "[a]t least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree." *Id*.; *see also Salyers*, 534 F. App'x at 461 ("[A] party prejudices his opponent by missing the trial court's scheduled deadlines and waiting until after summary judgment motions are filed before introducing entirely new legal theories.")

The Sixth Circuit has also found undue prejudice when the plaintiff files a motion for leave to amend after discovery has closed and a motion for summary judgment has been filed despite recognizing that the original complaint alleged facts that would support the claims brought in the amended complaint. In *Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989), the

5

Sixth Circuit upheld the district court's denial of a motion to amend where the plaintiff sought leave to file an amended complaint without seeking an extension or providing an explanation "based on precisely the same facts but asserting new theories of recovery" nearly fifteen months after filing the original complaint, after discovery closed, and after motions for summary judgment had been filed. The Court explained that "[p]utting the defendants 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'" *Id*. In *Duggins*, the court similarly upheld the denial of a motion for leave to amend even though the district court "did not deny that the complaint might allege the underlying facts of [the claim sought to be added by the amended complaint]" because the claims were "quite different" and "[a]llowing amendment at this late stage in the litigation would create significant prejudice to defendants in having to reopen discovery and prepare a defense." *Duggins*, 195 F.3d at 834.

Here, Greene's complaint arguably put Lt. Weiss on notice of potentially being added as a defendant by naming him in the fact section, although Greene failed to formally name him as a defendant. D.E. 1. Even so, the substantial prejudice resulting from such an untimely amendment and the failure to sufficiently explain the delay in seeking leave to amend weigh in favor of denial. Greene filed his motion nearly eighteen months after the filing of his complaint, nearly four months after he learned the video footage was missing, and after the close of discovery.[3] D.E. 1; D.E 35; D.E. 56; D.E. 75; D.E. 78. In his reply, Greene states that he only became aware of the full extent of Lt. Weiss's involvement on July 29, 2021, when the Defendants indicated that the video footage had been unaccounted for since November 2020. D.E. 88 at 1-2; D.E. 56 at 4. However, Greene certainly had knowledge of Lt. Weiss's alleged

---

[3] The Court extended the discovery deadline in its November 16 Order for the sole purpose of conducting Greene's deposition. D.E. 75. Thus, discovery otherwise closed on July 12, 2021. D.E. 35.

6

May and June 2019 threats and confession prior to filing the complaint. In fact, the complaint includes the alleged May 2019 threats from Lt. Weiss but does not name him as a defendant in the complaint or include the June 2019 allegations. D.E. 1.

Further, Greene has not provided an explanation as to why he failed to move to supplement his complaint until nearly four months after he learned about the missing video footage. Greene could have moved to supplement or amend his complaint immediately upon learning that the video footage was missing, while motions to extend discovery were being briefed.

Allowing amendment at this stage of the litigation would cause significant prejudice to Defendants. Granting Greene's motion at this juncture would require adding a new defendant to the matter, allowing time for a responsive pleading, reopening discovery, extending case deadlines, and significantly delaying case progress. Greene has failed to provide any basis to excuse his undue delay in filing the motion or the resulting prejudice to Defendants if the Court granted it. Accordingly, these factors weigh in favor of denial.

## II.

The final factor, futility, focuses on whether the amendment can "withstand a Rule 12(b)(6) motion to dismiss." *Shane v. Bunzi Distribution USA, Inc.*, 200 F. App'x 397, 406 (6th Cir. 2006) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). A complaint will not survive a Rule 12(b)(6) motion to dismiss, if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although not clearly stated, Greene's amended complaint appears to seek to add Lt. Weiss and *Bivens*-type claims against him for failing to protect Greene, conspiring to have him assaulted and to "violate [his] Constitutional rights to access the Courts, and to present evidence to said Courts" by destroying video footage

7

of the assault. D.E. 78 at 3-5. If the claims sought to be added by Greene's amended complaint cannot withstand a motion to dismiss under 12(b)(6), then the amendment is futile, and leave should be denied.

In order to survive a motion to dismiss under Rule 12(b)(6), the claim must satisfy the applicable statute of limitations. Greene simply states that his amendment relates back to the original filing of the complaint but does not otherwise address the statue of limitations of his claims. D.E. 88 at 2. Defendants argue any *Bivens*-type claims are barred by the statute of limitations. D.E. 85 at 6.

First, "the precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973). "*Bivens* claims have a one year statute of limitations under Kentucky law." *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Thus, the claims that Lt. Weiss conspired to assault Greene and otherwise failed to protect him are barred by the one-year statute of limitations, which expired, at the latest, on June 15, 2021, one year from the assault.

Defendants also argue that "any *Bivens*-type claims for access to the courts is not a cognizable claim under *Bivens*." D.E. 85 at 6. Greene does not address this argument in his motion or reply. Indeed, courts have found such claims are not cognizable under *Bivens*. *Mattes v. Jones*, 4:17-CV-952, 2019 WL 5684471, at *7 n.9 (N.D. Ohio Oct. 31, 2019) ("First Amendment denial of access to the courts claims . . . are not cognizable under *Bivens*."); *Howard v. Lackey*, 7:16-129-KKC, 2018 WL 1211113, at *3 (E.D. Ky. Mar. 7, 2018) (holding that *Bivens* does not extend to claims of denial of access to the courts under the First

8

Amendment).  Thus, this also weighs in favor of denying Greene's motion to amend to add such a claim against Lt. Weiss.

Finally, Defendants argue that amendment or supplementation "would be futile as it is not clear whether Plaintiff has exhausted available administrative remedies as to the allegations he has raised against Lt. Weiss as required by the Prison Litigation Reform Act."  D.E. 85 at 6.  In his reply, and also in his complaint, Greene admits that he did not exhaust available administrative remedies, but argues that such exhaustion is not required because Defendant Officer Buster threatened to "physically and sexually assault" him if he filed a grievance.  D.E. 88 at 2.  "A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA.  Inmates are not required to specially plead or demonstrate exhaustion in their complaints.'"  *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)).  Rather, "the failure to exhaust must be established by the defendants."  *Id.* (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)).  The Supreme Court has recognized exceptions to this exhaustion requirement, such as "when the administrative procedure becomes effectively 'unavailable' to prisoners because 'prison administrators thwarted inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'"  *Jackson v. Coyne*, 3:17-CV-00174-TBR, 2018 WL 1125671, at *3 (W.D. Ky. Mar. 1, 2018) (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)).  In their recently filed motion for summary judgment, Defendants argue that this exception does not apply based on Greene filing administrative remedy requests in August of 2019.  D.E. 102.  However, this argument was not contained in the response to Greene's motion to supplement his complaint and the motion for summary judgment has not been fully briefed by the parties.  Thus, in the context of Greene's motion to supplement, without considering the

9

arguments contained in their motion for summary judgment, Defendants have not met their burden that exhaustion has not been met. Thus, this does not weigh against allowing amendment or supplementation of the complaint. However, because the other discussed factors do weigh against allowing amendment or supplementation, the undersigned recommends that Greene's motion be denied.

### III.

Greene's motion to supplement his complaint (D.E. 78) should be denied. As described above, the Rule 15 factors favor denying leave to supplement or amend the complaint. For these reasons, the undersigned **RECOMMENDS** that Greene's motion to supplement the complaint (D.E. 78) be **DENIED.**

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 8th day of March, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge